**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Nick Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Yana Hart, Esq. (SBN: 306499)
yana@kazlg.com
David James McGlothlin (SBN: 253265)
david@kazlg.com
2221 Camino Del Rio S, Ste 101
San Diego, CA

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RICHARD BAUMRIND, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**SHREDZ SUPPLEMENTS, LLC,**<br><br>Defendant. | **Case No.: 8:20-cv-00645**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>1) **CONSUMER LEGAL REMEDIES ACT, CAL. CIVIL CODE §§ 1750, *ET SEQ.*;**<br>2) **FALSE ADVERTISING LAW, CAL. BUS. & PROF. §§ 17500, *ET SEQ.*;**<br>3) **UNFAIR COMPETITION LAW, CAL. BUS. & PROF. §§ 17200, *ET SEQ.*;**<br>4) **NEGLIGENT MISREPRESENTATION; AND**<br>5) **INTENTIONAL MISREPRESENTATION.**<br><br>**[JURY TRIAL DEMANDED]** |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**INTRODUCTION**

1. Plaintiff, RICHARD BAUMRIND ("Mr. Baumrind" or "Plaintiff") brings this Class Action Complaint to challenge the deceptive advertising and business practices of defendant, SHREDZ SUPPLEMENTS, LLC ("Shredz" or "Defendant") with regard to Defendant's false and misleading promotion of its consumable collagen product. Based on such false and misleading advertisements, Plaintiff and others similarly situated purchased Defendant's mislabeled product.

2. Specifically, Plaintiff purchased Defendant's "Collagen Peptides" (hereinafter the "Product"), which is advertised as containing 20% the Daily Value of protein within each serving. However, Defendant's Product is comprised solely of "Hydrolyzed beef collagen".

3. According to the Food and Drug Administration's ("FDA") testing methodology for protein content and daily value percentage, Hydrolyzed Collagen has a Daily Value percentage of zero because it is an incomplete protein.

4. Defendant does not comply with federal and parallel state regulations regarding its protein content and daily value percentage, making the Product's protein content claims false and misleading.

5. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

6. Defendant's nationwide sale and advertising of deceptively misbranded products constitutes violations of: (1) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (2) California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.*; (3) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*; (4) negligent misrepresentation; and (5) intentional misrepresentation.

7.  This conduct caused Plaintiffs and others similarly situated damages, and requires restitution and injunctive relief to remedy and prevent further harm.

8.  Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

### JURISDICTION AND VENUE

9.  This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the amount in controversy in this matter exceeds $5,000,000.00[1] as to all putative Class members, inclusive of attorneys' fees and costs, and injunctive relief. *See* 28 U.S.C. § 1332(d).

10. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a resident and citizen of the State of California, and Defendant is a corporation organized and existing under the laws of the State of New Jersey.

11. This Court has personal jurisdiction over Defendant because Defendant conducts business in the County of Orange. Therefore, Defendant has sufficient minimum contacts with this state, and otherwise purposely avails itself of the markets in this state through the promotion, sale, and marketing of its products in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

12. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) the conduct complained of herein occurred within this judicial district; and, (ii)

---

[1] On information and belief, Defendant sells its Products in brick and mortar stores and online retailers throughout California. Based upon the advertised price of Defendant's Products and their statewide availability, Plaintiff is informed, believes, and thereon alleges the class damages exceed the $5,000,000 threshold as set by 28 U.S.C. § 1332(d).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

many of the acts and transactions giving rise to this action occurred in this district because:

(a)    Defendant is authorized to conduct business in this district;

(b)    Defendant does substantial business within this district;

(c)    Defendant is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

(d)    Defendant's actions resulting in harm to Plaintiff occurred within this district.

## PARTIES

13.  Plaintiff is a natural person residing in the City of Newport Beach, State of California.

14.  Upon information and belief, Defendant is a corporation that is organized and exists under the laws of the State of New Jersey, with its principal place of business in Newark, New Jersey.

15.  Defendant manufactures and/or distributes various products, including purportedly consumable consumer packaged goods and purportedly dietary supplements. Defendant conducts extensive business through Internet sales and enjoys wide retail distribution at numerous stores within the United States, including California.

## NATURE OF THE CASE

16.  At all times relevant, Defendant made and continues to make affirmative misrepresentations regarding the Product, which it manufactures, markets, and sells online through its own website and other retailers.

17.  Defendant advertised, marketed, packaged, and sold its Product to Plaintiff and other consumers similarly situated in California with the false representation that its Product contains a specific amount of one's daily value of protein per serving.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

18. Protein is made up of hundreds or thousands of smaller units, called amino acids, which are linked to one another in long chains. The sequence of amino acids determines each protein's unique structure and its specific function. Not all dietary proteins are the same, as they are made up of different combinations of either essential or non-essential amino acids. A complete protein is one that contains all nine essential amino acids, as opposed to an incomplete protein which is missing one or more essential amino acids.[2]

19. When a manufacturer makes protein claims, such as those on the Product, the FDA mandates that "[t]he percent of the [Daily Reference Value ("DRV")] is required."[3] Moreover, in determining the percent DRV of proteins within a product, a manufacturer is required under the Food, Drug, and Cosmetic Act ("FDCA") to test in accordance with the Protein Digestibility Corrected Amino Acid Score (PDCAAS).[4]

20. PDCAAS is the preferred method for the measurement of the protein value in human nutrition and has been adopted by the Food and Agriculture Organization of the United Nations, the World Health Organization, and the FDCA.

21. The PDCAAS measures protein quality based on human *essential* amino acid requirements and the human body's ability to digest said amino acids. An amino acid is classified as being "essential" if the human body cannot manufacture the amino acid itself, but instead relies upon the consumption of the amino acid through an individual's diet. For example, Tryptophan, commonly associated

---

[2] *Nutrient Facts Label: Protein*, U.S. FOOD AND DRUG ADMINISTRATION, https://www.accessdata.fda.gov/scripts/InteractiveNutritionFactsLabel/factsheets/Protein.pdf (last accessed Feb. 5, 2019)

[3] *Guidance for Industry: A Food Labeling Guide (7. Nutrition Labeling; Questions G I through P8)*, U.S. FOOD & DRUG ADMINISTRATION, http://www.fda.gov/Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInformation/LabelingNutrition/ucm064894.htm#declare (last visited September 7, 2016).

[4] 21 C.F.R. § 101.9(c)(7).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

with turkey meat, is an essential amino acid used by the human body to create serotonin, melatonin, and vitamin B6. However, collagen and gelatin lack Tryptophan.

22. The test compares protein to a standard amino acid profile and rates the protein a score from 0-1.0. A score of 1.0 indicates maximum amino acid digestibility, and 0.0 means that the protein is not digestible or lacks essential amino acids that provide the human body with the benefits associated with protein. Common protein supplements (whey, casein, and soy) all receive 1.0 scores. Meat and soybeans (0.9), vegetables and other legumes (0.7), and whole wheat and peanuts (0.25-0.55) all provide diminished protein digestibility.

23. To determine %DRV, the total protein grams within a product is first calculated by multiplying the PDCAAS score with the proteins per serving. (Protein grams = [protein per serving x PDCAAS]). Then, the total of protein by grams is divided by 50, and then multiplying it by 100. (%DRV = [(Protein grams / 50) x 100]).

24. For example, in determining the % DRV of soybeans within a product containing 3 grams per serving, the protein grams would be [3g x PDCAAS of 0.9], which is 2.7. Then [(2.7 protein grams/50) x 100], which results in a % DRV of 5.4%.

25. Therefore, PDCAAS is used to ensure that consumers are informed about the actual "quality" of protein within a product, and the amount of essential amino acids the consumer is actually receiving from the product.

26. Defendant advertises on the Product's label that the Product contains 10g of protein per serving contributing to 20% the consumer daily value of protein.

27. However, collagen, Defendant's Product's only ingredient, has a PDCAAS of zero because it an incomplete protein, due to its lack of the essential amino acid Tryptophan. Assuming the product does have 10 grams of proteins per serving as Defendant claims, the total protein grams of the product would be zero (10g

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

x PDCAAS of 0). Therefore, the % DRV  [(0 protein grams/50) x 100] is also zero. In other words, it is impossible for the Product to have any % DRV since it missing an essential amino acid.

28. Defendant has failed to comply with the methods of testing required in sections 5.4.1, 7.2.1, and 8.00 in "Protein Quality Evaluation, Report of the Joint FAO/WHO Expert Consultation on Protein Quality Evaluation," Rome, 1990. 21 C.F.R. § 101.9(c)(7)(ii). Defendant did not use these proper factors as referred to in the FDCA. Consequently, Defendant is in violation of 21 C.F.R. § 101.9(c)(7)(ii).

29. Defendant's conduct as alleged herein violates several parallel California laws, as more fully set forth herein.

### FACTUAL ALLEGATIONS

30. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. On or about December 21, 2019, Plaintiff purchased Defendant's "Collagen Peptides" for $49.62 after taxes and shipping from Defendant's website.

32. Defendant manufactures, markets, and sells the Product online through its own website and other retailers, which it advertises on the Product label and related advertising materials as containing 20% the consumer's daily value of protein per serving.

///
///
///
///
///
///
///
///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

33. The following label (or one substantially similar) is presented to consumers and was attached to the Product purchased by Plaintiff:



34. At the time Plaintiff purchased Defendant's Product, Plaintiff believed and relied upon the representations made on Defendant's Product's label and packaging concerning the amount of protein per serving, and reasonably believed the Product would this amount of protein per serving upon consumption of the Product.

35. On information and belief, Defendant's Product's label, packaging, and advertising materials are prepared and/or approved by Defendant and/or its agents.

36. Plaintiff reasonably believed that Defendant's Product would provide the advertised benefits regarding the Product's protein.

37. Defendant's Product lacks a key essential amino acid for the human body. Thus, the Product is incapable of providing the benefits as advertised.

38. Defendant knew, or in the exercise of reasonable care, should have known that its Product's label and advertising materials were misleading or false.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

39. As a consequence of Defendant's unfair and deceptive advertising and manufacturing practices, Plaintiff and other consumers similarly situated purchased and overpaid for Defendant's Product under the false impression that the Product contained the advertised daily value of protein per serving.

40. Plaintiff and other consumers similarly situated in California purchased and overpaid for Defendant's Product under the false impression that the Product would provide the health benefits associated with the use of a product that contained all nine essential amino acids; however, the Product could not provide these advertised benefits as it lacked a key essential amino acid.

41. If Plaintiff had been aware that the Product did not contain 20% the daily value of protein, Plaintiff would have paid less for it, or would have purchased a different product.  In other words, Plaintiff would not have purchased Defendant's Product but for the representations on the Product's label and related advertising.

42. Plaintiff and others similarly situated were exposed to and relied upon the same material misrepresentations made on Defendant's Product label and website, where Defendant sold, and currently sells, its Product to consumers throughout the State of California.

43. As a result of Defendant's false and misleading statements and failure to disclose (or adequately disclose), Plaintiff and others similarly situated consumers purchased thousands, if not tens or hundreds of thousands, of units of Defendant's Product, and have suffered, and continue to suffer, injury in fact through the loss of money and/or property.

44. Even if Defendant's actions were in compliance with the FDCA, Plaintiff's claim does not seek to challenge the Product's formal name and labeling in areas where the FDA has promulgated regulations. Plaintiff's claim is, instead, predicated on the fact that the labeling and associated advertising is misleading and deceptive. Indeed, compliance with the minimum requirements is

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

necessary, but it is not sufficient to determine whether a product's label is false and misleading, and simply does not provide a shield from liability.  *See e.g., Wyeth v. Levine*, 129 S. Ct 1187, 1202 (2009).

45.  This action seeks, among other things, equitable and injunctive relief, restitution of all amounts illegally obtained, and disgorgement of any and all ill-gotten gains as a result of the misconduct alleged herein.

### CLASS ACTION ALLEGATIONS

46.  Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47.  Plaintiff brings this action collectively and on behalf of all others similarly situated against Defendant, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

48.  Subject to additional information obtained through further investigation and/or discovery, the proposed class (the "Class") consists of:

> All persons within the State of California who purchased the Product, within the four years prior to the filing of this Complaint.

49.  Excluded from the Class is Defendant and any of its officers, directors, and employees, or anyone who purchased Defendant's Product for the purpose of resale. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

50.  The "Class Period" means four years prior to the filing of the Complaint in this action.

51.  **Ascertainability**.  The members of the Class are readily ascertainable from Defendant's records and/or Defendant's agent's records of retail and online sales, as well as through public notice.

52.  **Numerosity**.  The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes that the Product is a

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

top-selling product, as it is currently sold out on Defendant's website, and on that basis, Plaintiff alleges that the putative Class consists of hundreds, if not thousands of members.

53. **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on the same standardized marketing, advertisements and promotions. The common legal and factual questions include, but are not limited to, the following:

a. Whether the Product as manufactured contains all key essential amino acids;

b. Whether the Product actually contains the advertised 20% daily value of protein per serving, in a digestible and absorbable form;

c. Whether Defendant's claims and representations, as alleged herein, are untrue, misleading, and/or reasonably likely to deceive the average consumer;

d. Whether Defendant's conduct violates California Civil Code §§ 1750, *et seq*.;

e. Whether Defendant's advertising is false, untrue, or misleading within the meaning of California Business & Professions Code §§ 17500, *et seq*.;

f. Whether Defendant's conduct is an unfair, fraudulent, or unlawful act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq*.;

g. Whether Defendant's advertising is unfair, deceptive, untrue or misleading within the meaning of California Business & Professions Code §§ 17200, *et seq*.;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

h.  Whether Defendant acted negligently or intentionally in making the misrepresentations contained on the Product's label and Defendant's website;

i.  Whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to Plaintiff and members of the Class;

j.  Whether Plaintiff and the putative Class members are entitled to equitable relief, including but not limited to restitution and/or disgorgement of ill-gotten gains; and

k.  Whether Plaintiff and the putative Class members are entitled to injunctive relief as sought herein.

54. **Typicality**.  Plaintiff's claims are typical of the claims of the members of the Class in that Plaintiff is a member of the Class that Plaintiff seeks to represent. Similar to members of the putative Class, Plaintiff purchased the Product after exposure to the same material misrepresentations and/or omissions appearing on the Product's label. Plaintiff also received a Product that does not contain key essential amino acids, and thus does not contain 20% the daily value of protein as advertised. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent members of the Class. Defendant has no defenses unique to the Plaintiff.

55. **Adequacy of Representation**.  Plaintiff will fairly and adequately protect the interests of the members of the putative Class. Plaintiff has retained counsel experienced in consumer protection law, including class actions, and specifically, false and deceptive advertising. Plaintiff has no adverse or antagonistic interest to those in the Class and will fairly and adequately protect the interests of the Class.  Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of Plaintiff and proposed Class.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

56. **Superiority**.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation of the complex legal and factual issues of such a case increases the delay and expense to all parties, including the court. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable pursuant to California Code of Civil Procedure § 382.

57. Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will also likely continue to, or allow its resellers to, advertise, market, promote, and sell the Class Product in an unlawful and misleading manner, and members of the Class will continue to be misled, harmed, and denied their rights under California law.

58. Further, Defendant has acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate to

the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

### FIRST CAUSE OF ACTION FOR
### VIOLATIONS OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT
### CAL. CIV. CODE §§ 1750, *ET SEQ.*

59. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. California Civil Code Section 1750, *et seq.*, entitled the Consumers Legal Remedies Act (hereinafter "CLRA"), provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer." The Legislature's intent in promulgating the CLRA is expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

> Construed liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

61. Defendant's Product constitutes a "good" as defined pursuant to Civil Code Section 1761(a).

62. Plaintiff and the putative Class members are each a "consumer" as defined pursuant to Civil Code Section 1761(d).

63. Plaintiff and each of the putative Class members' purchase of Defendant's Product constitutes a "transaction" as defined pursuant to Civil Code Section 1761(e).

64. Civil Code Section 1770(a)(2), (5), (7) and (9) provide that:

> The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
>
> (2) [m]isrepresenting the source, sponsorship, approval, or certification of goods or services;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

> (5) [r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . .;
>
> (7) [r]epresenting that goods or services are of a particular standard, quality, or grade . . . if they are of another; [and]
>
> (9) [a]dvertising goods or services with intent not to sell them as advertised."

65. Defendant violated Civil Code Section 1770(a)(2), (5), (7) and (9) by marketing and representing its Product as assisting in muscle recovery and containing 20% a consumer's daily value of protein, when, in fact, the Product is missing essential amino acids.

66. Defendant's Product does not contain the key essential amino acid Tryptophan, and thus, provides none of the body's daily value of protein.

67. On information and belief, Defendant's violations of the CLRA, as set forth herein, were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely by Defendant's self-interest, monetary gain, and increased profit. Plaintiff further alleges that Defendant committed these acts knowing the harm that would result to Plaintiff and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

68. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false representations set forth on Defendant's actual Product label.

69. As a direct and proximate result of Defendant's violations of the CLRA, Plaintiff and members of the putative Class are entitled to a declaration that Defendant violated the Consumer Legal Remedies Act.

70. As of the filing of this Complaint, Defendant has not complied with Plaintiff's demand letter pursuant to California Civil Code § 1782, which mailed via certified mail to Defendant on or about January 24, 2020.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

71. Attached hereto as Exhibit A is the affidavit of Plaintiff pursuant to Cal. Civ. Code § 1780(d).

72. Plaintiff and the putative Class are also entitled to, and seek, injunctive relief prohibiting such conduct in the future and to recover money damages.

### SECOND CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL")
### BUS. & PROF. CODE §§ 17500, *ET SEQ.*

73. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. Plaintiff and Defendant are both "person[s]" as defined by California Business & Professions Code § 17506.

75. California Business & Professions Code § 17535 authorizes a private right of action on both an individual and representative basis.

76. Defendant states that its Product contains a certain amount of a consumer's daily value of protein, when, in fact, the Product lacks a key essential amino acid, and thus does not provide the advertised benefits.

77. These misrepresentations, acts, and non-disclosures by Defendant constitute false and misleading advertising in violation of Business & Professions Code §§ 17500, *et seq.*

78. At all times relevant, Defendant's advertising and promotion of its Product was, and is, untrue, misleading, and likely to deceive the reasonable consumer and the public. In fact, Defendant did deceive Plaintiff and the putative Class members by representing that its Product contains a 20% the daily value of protein per serving, when Defendant knew that collagen does not contain any essential amino acids and thus could not provide any percentage of a consumer's daily value of protein per serving.

79. Defendant engaged in the false and/or misleading advertising and marketing of its Product, as alleged herein, with the intent to directly or indirectly induce

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

consumers to purchase its Product, which Defendant knew, or had reason to know, did not contain the advertised percent daily value of protein per serving.

80. Because Defendant knew or should have known that the representations and/or omissions alleged herein were untrue or misleading, Defendant acted in violation of California Business & Professions Code §§ 17500, *et seq*.

81. Had Defendant truthfully advertised that its Product did not contain the advertised percent daily value of protein and did not assist in muscle recovery, Plaintiff and the putative Class members would not have purchased the Product, would have paid less for the Product, or would have purchased a different product from another manufacturer.

82. This false and misleading advertising of the Product by Defendant presents a continuing threat to consumers, as such conduct is ongoing to this day.

83. As a direct and proximate result of the aforementioned acts and omissions by Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiff and the putative Class members, who were led to purchase Defendant's Product during the Class Period.

## THIRD CAUSE OF ACTION FOR
## VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL")
## BUS. & PROF. CODE §§ 17200, *ET SEQ*.

84. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

85. Plaintiff and Defendant are each a "person" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

86. "Unfair competition" is defined by Business and Professions Code § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

"fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

87. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising, as prohibited by California's UCL.

### A. "Unlawful" Prong

88. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200 *et seq*., by marketing, manufacturing, and distributing Defendant's Product in violation of California's Consumers Legal Remedies Act, Civil Code § 1759, *et seq*. and California's False Advertising Law, Business & Professions Code §§ 17500, *et seq*., as alleged herein.

89. Defendant further violated California's Health & Safety Code § 110660, which states that "any food is misbranded if its labeling is false or misleading in any particular." Section 110660 is a part of California's Sherman Food, Drug and Cosmetic law, California Health & Safety Code § 109875 (the "Sherman law").

90. Claims under state law based on the deceptive labeling of a food product is expressly permitted when the statute to be enforced imposes legal obligations identical to that of the Federal Food, Drug, and Cosmetic Act ("FDCA"), including FDA regulations concerning naming and labeling food products. *See e.g., In re Farm Raised Salmon Cases*, 22 Cal. 4th 1077, 1094-95 (2008). Plaintiff's claim that Defendant violated the FAL by labeling its Product in a false or misleading way imposes legal obligations identical to 21 U.S.C. §

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

343(a) of the FDCA, which states that, "a food shall be deemed to be misbranded . . . [i]f (1) its labeling is false or misleading in any particular[.]" Further, section 343(a) of the FDCA is not subject to the express preemption provision set forth in 21 U.S.C. § 343-1 of the FDCA.

91.  Defendant violated the above-referenced statutes by falsely representing that its Product contains a 20% a consumer's Daily Value of protein, when in fact the product contained 0% a consumer's Daily Value of protein.

92.  By advertising, promoting, manufacturing, and selling its Product in violation of those California laws, Defendant engaged in a pattern of "unlawful" business practices within the meaning of California's UCL.

### B. "UNFAIR" PRONG

93.  Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition as prohibited by Bus. & Prof. Code §§ 17200, *et seq*.

94.  Had Plaintiff and the putative class members been informed that Defendant's Product did not in fact contain the percent daily value of protein as advertised, they would not have purchased the Product, would have paid less for it, or would have purchased a different product. In other words, Defendant earned the business of Plaintiff and the putative Class members by using deceptive advertising, which placed competitors at a disadvantage. Furthermore, Plaintiff and the putative Class members were harmed in that they paid a price premium for the Product.

### C. "FRAUDULENT" PRONG

95.  Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant engaged in acts of unfair competition, including those described above and herein, in violation of Bus. & Prof. Code §§ 17200, *et seq*., by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code §§ 17200, *et seq*., by falsely advertising its

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Product as containing, and maintaining, a specified amount of daily value percentage of protein per serving, when, in fact, the Product does not contain or maintain the advertised amount, as it becomes unstable upon opening and degrades over time.

96. Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices.  Such conduct is ongoing and continues to this date.

### D. "UNFAIR, DECEPTIVE, UNTRUE OR MISLEADING ADVERTISING" PRONG

97. Defendant's advertising is unfair, deceptive, untrue, and/or misleading within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, in that consumers are led to believe that Defendant's Product contains a certain daily value percentage of protein, when, in fact, the Product does not contain the advertised daily value percentage of protein and the Product lacks key essential amino acids, as alleged herein. As a consequence of this, the Product would need to be supplemented with other products to make the complete proteins needed for the benefits advertised.

98. Plaintiff and other such reasonable consumers are likely to be, and were, deceived and misled by Defendant's advertising of its Product, as containing a specific amount of daily value of protein.

99. As a direct and proximate result of Defendant's unlawful, unfair, and fraudulent conduct described herein, Defendant received and continues to receive an unfair competitive advantage and unearned commercial benefits at the expense of its competitors and the public, who unwittingly provided money to Defendant based on Defendant's misleading representations.

100. Plaintiff and the putative Class members suffered an injury in fact because Plaintiff's money was taken by Defendant as a result of Defendant's false representations as set forth on the Product label.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

101. Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent, and constitute multiple violations of California's UCL. Plaintiff reserves the right to identify additional violations by Defendant as may be established through discovery.

102. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which reward is available to a prevailing plaintiff in a class action such as this.

### FOURTH CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION

103. Plaintiff repeats, re-alleges, and incorporates by reference the above allegations as if fully stated herein.

104. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant represented to Plaintiff and others similarly situated, through product packaging and advertising materials, that Defendant's Product contains a certain percentage of the consumer's daily value of protein.

105. Defendant made these representations knowing, or having reason to know, that its Product lacked key essential amino acids and thus was an incomplete protein.

106. Defendant acted with the intent to induce the public, including Plaintiff and putative Class members, to purchase Defendant's Product.

107. Plaintiff and the putative Class members saw, believed, and relied upon Defendant's representations in making the decision to purchase Defendant's Product.

108. At all times relevant, Defendant knew or should have known that such representations were untrue, and Defendant had no reasonable basis for believing the representations to be true.

109. As a proximate result of Defendant's negligent misrepresentations, Plaintiff and other consumers similarly situated were induced to purchase, purchase more of,

or pay more for Defendant's Product due to the unlawful acts of Defendant, in an amount to be determined at trial, during the Class Period.

### FIFTH CAUSE OF ACTION
### INTENTIONAL MISREPRESENTATION

110. Plaintiff repeats, re-alleges, and incorporates herein by reference the above allegations as if fully stated herein.

111. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant intentionally represented to Plaintiff and others similarly situated, through product packaging and advertising materials, that Defendant's Product contained a certain daily value percentage of protein.

112. Defendant acted intentionally by willfully and purposefully printing a specific "daily value" of protein on the Supplement Facts panel of Defendant's Product.

113. Because the Product lacks a key essential amino acid, the product is an incomplete protein of lesser value. Therefore, the protein that is within the Product does not have the benefits that Defendant advertises.

114. Defendant knew or had reason to know such representations were false, and continued to label its Product in a false or misleading way.

115. Defendant further knew that retailers were advertising its Product as containing a certain amount of protein per serving, because Defendant designed, manufactured, and affixed the product labeling to its Products before supplying the Product to the retailers.

116. Plaintiff and the putative Class members saw, believed, and relied upon Defendant's representations in making the decision to purchase Defendant's Product.

117. As a proximate result of Defendant's intentional misrepresentations, Plaintiff and the putative Class members were damaged in an amount to be determined at trial.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

118. Plaintiff alleges the "who, what, when, where, and how" of the alleged deception by Defendant as follows:

    i.    The "who" is Defendant;

    ii.    The "what" is the representation that Defendant's Product had 20% the daily value of protein and that the Product assisted in muscle recovery;

    iii.    The "when" is the date Plaintiff purchased the Product, and the Class Period of four years prior to the filing of this Complaint;

    iv.    The "where" is in Defendant's product labeling, advertisements, and online marketing; and

    v.    The "how" is the allegation that Defendant did not disclose that its Product is missing key essential amino acids, and thus does not actually have 20% of the consumer's daily value.

119. By engaging in the acts described above, Defendant is guilty of malice, oppression, and fraud, and Plaintiff and the putative Class are therefore entitled to recover exemplary or punitive damages.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the putative Class members the following relief against Defendant:

- that this action be certified as a Class Action;

- that Plaintiff be appointed as the Class Representative;

- that Plaintiff's attorneys be appointed as Class Counsel;

- that Defendant's wrongful conduct be adjudged and decreed to violate the consumer protection statutes raised herein;

- An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and to restore to the plaintiff and members of the class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent or unfair business act

or practice, in violation of laws, statutes or regulations, or constituting unfair competition;

- Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery were necessary and as applicable, to prevent Defendant from retaining the benefits of their wrongful conduct;

- that Plaintiff and each of the other members of the Class recover the amounts by which Defendant has been unjustly enriched;

- A temporary, preliminary and/or permanent order for injunctive relief requiring Defendant to: (i) discontinue its false and/or misleading statement/s; and (ii) undertake an immediate public information campaign to inform members of the proposed class as to their prior practices;

- that Defendant be enjoined from continuing the wrongful conduct alleged herein and be required to comply with all applicable laws;

- Pre-judgment interests from the date of filing of this suit;

- that Plaintiff and each member of the putative Class recover their costs of suit.

### FIRST CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT
### CAL. BUS. & PROF. CODE §§ 1750, *ET SEQ.*

- Actual damages, injunctive relief, restitution, and punitive damages pursuant to Cal. Civ. Code § 1780(a); and

- an award of costs and attorney's fees pursuant to Cal. Civ. Code § 1780(d).

### SECOND CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW
### CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17203; and

- recovery of reasonably attorney's fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### THIRD CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW
### CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17535; and

- recovery of reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

### FOURTH CAUSE OF ACTION FOR
### NEGLIGENT MISREPRESENTATION

- A judgment against Defendant for general and compensatory damages in an amount to be determined at trial; and

### FIFTH CAUSE OF ACTION FOR
### INTENTIONAL MISREPRESENTATION

- A judgment against Defendant for general and compensatory damages in an amount to be determined at trial;

- punitive damages pursuant to Cal. Civ. Code § 3294; and

- that Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper.

### TRIAL BY JURY

120. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to and demands a trial by jury.

Dated: April 2, 2020                    Respectfully submitted,

                                        **KAZEROUNI LAW GROUP, APC**

                                        By:  *s/ Abbas Kazerounian*
                                             ABBAS KAZEROUNIAN, ESQ.
                                             NICHOLAS BARTHEL, ESQ.
                                             *Attorneys for Plaintiff*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626